FILED
November 15, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:     MR
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>CHARLES ALEXANDER LOPEZ<br><br>Defendant | Case No: SA:23-CR-00584-OLG<br><br>**INDICTMENT**<br><br>COUNTS 1-3: 18 U.S.C. § 2251(a)<br>Sexual Exploitation of a Child<br><br>COUNT 4: 18 U.S.C. § 2252A(a)(5)(B)<br>Possession of Child Pornography |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**[18 U.S.C. §2251(a)]**

On or about October 23, 2023, in the Western District of Texas, Defendant,

**CHARLES ALEXANDER LOPEZ,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV1, to engage in sexually explicit conduct, for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce, and such visual depiction has actually been transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce,

    All in violation of Title 18, United States Code, Section 2251(a).

<u>COUNT TWO</u>
**[18 U.S.C. §2251(a)]**

On or about December 20, 2020, in the Western District of Texas, Defendant,

**CHARLES ALEXANDER LOPEZ,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV2, to engage in sexually explicit conduct, for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce, and such visual depiction has actually been transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2251(a).

### COUNT THREE
**[18 U.S.C. §2251(a)]**

On or about March 12, 2023, in the Western District of Texas, Defendant,

**CHARLES ALEXANDER LOPEZ,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV3, to engage in sexually explicit conduct, for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce, and such visual depiction has actually been transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2251(a).

### COUNT FOUR
**[18 U.S.C. § 2252A(a)(5)(B)]**

On or about October 26, 2023, within the Western District of Texas, the Defendant,

**CHARLES ALEXANDER LOPEZ,**

2

did knowingly possess material, specifically a Samsung Galaxy S20 cellular phone, containing at least one image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A) that involved a prepubescent minor, and a minor who had not attained 12 years of age, that has been shipped and transported using any means and facility of interstate commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* **Fed. R. Crim. P. 32.2**]

### Sexual Exploitation of Children Violations and Forfeiture Statutes

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to Defendant, **CHARLES ALEXANDER LOPEZ**, of its intent to seek the forfeiture of certain property subject to forfeiture, including but not limited to the digital and electronic devices seized by law enforcement during the investigation of this case, upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which states:

> **Title 18 U.S.C. § 2253. Criminal forfeiture**
> **(a) Property subject to criminal forfeiture.-**A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2251B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in-
>
> > **(1)** any visual depiction described in sections 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> > **(2)** any property, real or personal, constituting, or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

A TRUE BILL

███████████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR TRACY THOMPSON
Assistant United States Attorney

4